UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| SCOTT K. GEARY, and ) | Case No. 08-46248-705 |
| KAREN A. GEARY, ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| GEORGE MAHLER, and ) | **Adversary No. 09-4133-659** |
| MONICA MAHLER, ) | |
| ) | PUBLISHED |
| Plaintiffs, ) | |
| ) | |
| -v- ) | |
| ) | |
| SCOTT K. GEARY, and ) | |
| KAREN A. GEARY, ) | |
| ) | |
| Defendants. ) | |

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is George and Monica Mahler's (hereinafter "Plaintiffs") Complaint for Damages, Plaintiffs' Pre-Trial Brief Regarding Fixtures and Defendants' Answer to Plaintiffs' Complaint for Damages. On September 15, 2009 a trial was held on this matter at which all the parties appeared in person and by counsel. The matter was then taken as submitted. Upon consideration of the record as a whole, the Court issues the following FINDINGS OF FACT:

Debtors/Defendants Scott K. Geary and Karen A. Geary (hereinafter collectively "Debtors") filed their bankruptcy petition under Chapter 7 of the Bankruptcy Code on August 18, 2008. On May 5, 2009, this Court issued Order Approving Sale of Residence and Fixtures (hereinafter the "Order") which approved the sale of Debtors' residence located at 5509 Country Woods Lane, Hillsboro, Missouri (hereinafter "Residence") to Plaintiffs, pursuant to Plaintiffs' successful bid for the Residence at an auction. The Order prohibited the removal of "[a]ll light fixtures, ceiling fans, the fireplace, fireplace mantle, propane tanks, the built in dishwasher and microwave, exhaust fans and hoods, garbage disposal, garage door opener, bathroom fixtures, showerheads, shower doors,

curtain rods and blinds, and *all other fixtures*."[1] (*emphasis added*). The Residence also featured a fishpond adjacent to the front door which was comprised of two layers of pond lining, a pump, waterfall apparatus, a bridge, coy fish and other accouterments, two bay shelves in the livingroom and an ironing board cabinet in the master bedroom. The Residence also had a mailbox on a mailbox post near the driveway entrance.

At some point after the sale to Plaintiffs, and after Plaintiffs' first inspection of the Residence but prior to Plaintiffs' second inspection of the Residence, Debtors removed the fishpond including the pond lining, pump, waterfall apparatus, bridge, coy fish and other accouterments, both bay shelves in the livingroom and the bedroom ironing board cabinet from the Residence. In place of the fishpond remains a 6x10x4-foot hole, with one layer of pond lining. Removal of the bay shelves and ironing board cabinet left holes in the walls where the screws that attached those articles once were. The mailbox and the mailbox post were left in a damaged state. Plaintiffs did not present admissible evidence on the value of the aforementioned articles.

Debtor Scott K. Geary (hereinafter "Debtor") testified that he made the ironing board cabinet and a bridge to embellish the fishpond out of scrap wood and that he installed both the fishpond and the accouterments around it and the ironing board cabinet. Debtor also testified that at all times Debtors intended to remove the fishpond, bay shelves and ironing board cabinet when Debtors moved from the Residence.

Plaintiffs argue that the aforementioned articles are fixtures and therefore removal of them from the Residence was in violation of the Order. Plaintiffs note the holes in the walls caused by the screws that attached the bay shelves and ironing board cabinet to the Residence as support that those articles were fixtures. Plaintiffs also allege that Debtors destroyed the mailbox and the mailbox post and therefore Plaintiffs request compensation. Plaintiffs finally argue that the hole left from removal of the fishpond is an eyesore.

Debtors argue that the aforementioned articles are not fixtures and thus removal did not

---

[1] Order Approving Sale of Residence and Fixtures, May 5, 2009, pp. 2 - 3.

violate the Order. Debtors note the easy removal of the aforementioned articles as support that Debtors never intended a permanent affixation. Debtors further argue that the mailbox and mailbox post were damaged before Plaintiffs purchased the Residence and have since been vandalized.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2009) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O) (2009). Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

## CONCLUSIONS OF LAW

The Court must determine whether the fishpond including the pond lining, pump, waterfall apparatus, bridge, coy fish and other components and embellishing accouterments, the bay shelves and the ironing board cabinet constitute fixtures. The Court must also determine whether Debtors are indeed responsible to Plaintiffs for the value of the mailbox and mailbox post. The Court will address these matters in turn.

"A fixture is an article of the nature of personal property which has been so annexed to the realty that it is regarded as part of the land." *Sims v. Williams,* 441 S.W.2d 385, 387 (Mo. Ct. App. 1969) (citing *Bastas v. McCurdy*, 266 S.W.2d 49, 51 (Mo. Ct. App. 1954)). A court looks to three factors in determining whether an article is a fixture: annexation, adaptation and intent. *Sims*, 441 S.W.2d at 387 (citing *Matz v. Miami Club Restaurant*, 127 S.W.2d 738, 741(Mo. Ct. App. 1939)). "Whether an article is a fixture or not depends upon the facts and circumstances of the particular case." *Bastas,* 266 S.W.2d at 51.

"[T]he act of annexation ... necessarily implies something that has existed apart from realty...may, by being attached thereto, become a part thereof." *Bastas,* 266 S.W.2d at 51. There is no dispute that the fishpond, the bay shelves and the ironing board cabinet were attached to the Residence. The aforementioned articles were screwed in and/or installed on the Residence in the usual manner. A 6x10x4-foot hole remains in the space which once featured the fishpond, and

holes in the walls remain where the bay shelves and ironing board cabinet were once attached. Debtors point to the easy removal of the articles as evidence that they were not fixtures. However, "[t]he character or permanency of the annexation ... can have no controlling or preponderating weight." *Sims*, 441 S.W.2d at 389. The annexation requirement is met.

To meet the adaptation requirement, the article must be "used in the use and occupancy of the home." *Bastas,* 266 S.W.2d at 52. The Residence was adapted to the fishpond, the bay shelves and the ironing board cabinet. Again, in the stead of these articles is a 6x10x4-foot hole with one of the formerly two layers of pond lining and holes in the walls from the removed screws where the bay shelves and ironing board cabinet once were. Further, the affixation of these articles contributed to the character and presentation of the Residence. The adaptation requirement is met.

The controlling inquiry however is usually "whether the intention in annexing the article to the realty was to make it a permanent accession to the land." *Bastas,* 266 S.W.2d at 51. "In determining the intention of the person making the annexation the court or jury is not bound by his testimony on this point, nor by his secret or undisclosed purpose but may decide this issue from this acts and conduct and the surrounding facts and circumstances." *Bastas,* 266 S.W.2d at 51-52 (citing *Security Stove & Mfg. Co. v. Stevens,* 9 S.W.2d 808 (Mo. Ct. App. 1928)). The time of annexation is the relevant point in time to consider the party's intent. *Bastas,* 266 S.W.2d at 52. Debtor installed the fishpond and the ironing board cabinet. Debtor testified that he made a bridge to embellish the fishpond and the ironing board cabinet out of scrap wood. Debtor invested time to improve the Residence. Debtors now argue that at all times they intended that the aforementioned articles be removed when Debtors moved from the Residence. Debtors were silent as to this intent when the Order was presented to this Court which contained an itemization of articles, both affixed and not, that Debtors could not remove. The Order specifically prohibited the removal of several items, and included a catch-all prohibition of the removal of "***all other fixtures***." This Court concludes that Debtors' acts demonstrate that Debtors did not intend the fishpond, the bay shelves and the ironing board cabinet to be removed from the Residence at the time of affixation. The

fishpond, the bay shelves and the ironing board cabinet are fixtures, and were therefore wrongfully removed from the Residence by Debtors.

Plaintiffs also request compensation for the damaged mailbox and mailbox post. Plaintiffs have not met their burden of proof as to the condition of the mailbox and mailbox post when Plaintiffs successfully bid on the Residence, the point in time when the mailbox and mailbox post were damaged and by whom. Debtors are not liable to Plaintiffs for the present condition of the mailbox and mailbox post.

Plaintiffs did not present any admissable evidence on the value of the removed fixtures. Ordinarily, a court would award Plaintiffs an amount commensurate to the damage caused and value of the removed fixtures. The Eight Circuit, in *Clayton Center Associates v. Schindler Haughton Elevator Corporation*, 731 F.2d 536, 540(citation omitted) found that "In Missouri, upon proving the existence of a contract and its breach, a party has made a submissible case and may at least recover nominal damages." *Id.* at 540. "[P]roof of the contract and of its breach gives rise to nominal damages and, thus, a submissble case is made regardless of the failure to prove actual damages." *Sunny Baer Co. v. Slaten,* 623 S.W.2d 595, 598 (Mo. App. 1981). Here there was a contract for the sale of the Residence and an Order which prohibited the removal of fixtures. Debtors breached both the contract and the Order. Therefore, this Court awards Plaintiffs nominal damages in the amount of $999.99 for removal of the fish pond, the bay shelves and ironing board cabinet that are fixtures.

By Separate Order, judgment will be entered accordingly.

_Kathy A. Surratt-States_
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: April 9, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Charles W. Riske
Attorney at Law
231 S. Bemiston, Suite 1220
St. Louis, MO 63105

Scott and Karen Geary
4241 Lockeport Landing
Hillsboro, MO 63050

Craig A. Smith
Polsinelli Shughart PC
7733 Forsyth, Fl. 12
St. Louis, MO 63105